[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15037
Non-Argument Calendar
_____

Agency No. A96-437-581

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS K. KAHN
CLERK

LO HARDY PRAWIRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 20, 2005)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Lo Hardy Prawira, a native of Indonesia, petitions this Court for review of the Board of Immigration Appeals ("BIA") order affirming without opinion an Immigration Judge's denial of his motion to reopen his removal proceedings. He argues that his due process rights were violated because he received ineffective assistance of counsel. For the reasons stated more fully below, we deny the petition.

Prawira entered the United States on or about July 3, 2001, as a non-immigrant visitor with authorization to remain in the United States no later than January 2, 2002, and was served with a notice to appear on April 15, 2003, charging Prawira with removability for remaining in the United States for a longer time than permitted, INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). Prawira then filed an application for asylum and withholding of removal on the basis of his race and religion, signed on August 5, 2003. When asked to explain the circumstances of his fear, harm, or mistreatment, Prawira typed "please see attachment for details," and indicated that he feared that he would "be persecuted and tortured due to my ethnicity background and religious belief if I am returned to Indonesia." The attachment was nothing more than a blank page.

The record does not contain any transcripts or excerpts of a hearing before an IJ, but does contain the order of an IJ dated March 3, 2004. The order indicates that Prawira withdrew his application for asylum and withholding of removal and

2

instead, requested voluntary departure, which was granted. On March 31, 2004, Prawira filed, through counsel, a motion to reopen his proceedings, stating that his previous attorney had informed him that he had no other choice but to apply for voluntary departure. Prawira stated that he was scared and confused and continued to be afraid of returning to Indonesia because of his Chinese ethnicity and Christian religious beliefs. Attached to the motion to reopen were Prawira's birth certificate, a change of name document, Prawira's mother's birth certificate, and Prawira's baptism certificate.

The IJ issued a written decision indicating that Prawira had attended a hearing on July 22, 2003, at which time he admitted the allegations in his notice to appear and conceded removability. The IJ's decision also confirmed that, on March 3, 2004, Prawira had appeared and, with the assistance of an interpreter, withdrew his application for asylum and withholding of removal and was granted relief in the form of voluntary departure. After noting that "[l]itigants are generally bound by the conduct of their attorneys absent egregious circumstances that rendered the hearing unfair," the IJ denied the motion to reopen. The IJ found that (1) Prawira failed to meet the procedural requirements necessary for prevailing on an ineffective assistance of counsel claim; (2) before accepting Prawira's withdrawal of his application for asylum, the IJ had recessed proceedings to permit Prawira to discuss with his counsel whether or not he wished to proceed and, after

questioning Prawira to ensure he was acting knowingly, intelligently, and voluntarily, further informed Prawira that if he withdrew his application, it would be with prejudice; and (3) based on the foregoing, Prawira had a full opportunity to pursue his application and Prawira had failed to provide the IJ with a basis for reopening the proceedings.

Prawira filed a notice of appeal with the BIA, arguing that the IJ's decision should be vacated because the IJ failed to take into consideration the totality of the circumstances surrounding Prawira's past persecution and well-founded fear of return to Indonesia because of his ethnicity and religious beliefs. He also argued that his counsel during the removal proceedings gave him bad advice and, therefore, his counsel's assistance was ineffective and the functional equivalent of not being represented at all. Prawira's brief to the BIA raised several arguments, including that (1) the one-year time bar for filing an asylum application should not apply because he received ineffective assistance of counsel; (2) the evidence showed that he had been persecuted by Indonesian natives because of his ethnicity and religion and had a well-founded fear of persecution if returned to Indonesia; and (3) his Fifth Amendment Due Process rights had been violated because his counsel's advice at his removal proceedings "was grossly wrong" and was the equivalent of having no representation. On September 8, 2004, the BIA affirmed the decision of the IJ without opinion in a per curiam decision.

4

On appeal, Prawira argues that his due process rights were violated because, during his removal proceedings, his counsel erroneously advised him that the only relief for which Prawira was eligible was voluntary departure and, despite having a brief recess to talk to his counsel, Prawira did not have time to think through his decision or to seek other advice. Because he had a strong case for withholding of removal, he argues that the ineffective assistance of counsel was sufficient to reopen his proceedings.

Because Prawira's removal proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA. Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).[1] When the BIA summarily affirmed the IJ's decision without an opinion, the IJ's decision became the final order subject to review. See Mendoza v. United States Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003) (citing 8 C.F.R. § 3.1(a)(7) (2002))

---

[1] Pursuant to the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, enacted into law on May 11, 2005, the commencement date of a petitioner's removal proceedings appears to be no longer important, as even "transitional rules" cases are now governed under the review provisions of IIRIRA. The text of the law reads:

A petition for review filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section.

Pub. L. 109-13, 119 Stat. 231, Division B.

We review the denial of a motion to reopen for an abuse of discretion. <u>Mejia Rodriguez v. Reno</u>, 178 F.3d 1139, 1145 (11th Cir. 1999). Judicial review of a denial of a motion to reopen in deportation proceedings is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." <u>Garcia-Mir v. Smith</u>, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotations and citation omitted). Motions to reopen are disfavored, especially in a deportation proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." <u>Immigration and Naturalization Serv. v. Doherty</u>, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992).

Pursuant to the Fifth Amendment Due Process Clause, "[a]liens enjoy the right to effective assistance of counsel in deportation proceedings." <u>Mejia Rodriguez</u>, 178 F.3d at 1146. "[T]o establish the ineffective assistance of counsel in the context of a deportation proceeding, an alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present his or her case." <u>Dakane v. United States Attorney General</u>, 399 F.3d 1269, 1273-74 (11th Cir. 2005) (internal quotations and citation omitted).

The BIA has required that, when filing a motion to reopen based on a claim of ineffective assistance of counsel, the alien must: (1) submit an affidavit attesting

6

to the relevant facts; (2) inform former counsel of the allegations and allow an opportunity to respond; and (3) if asserting that the prior counsel's handling of the case violated ethical or legal responsibilities, state whether a complaint has been filed with the appropriate disciplinary authorities, and, if not, why not. Matter of Lozada, 19 I&N Dec. 637, 639 (1988). We have held that the BIA does not abuse its discretion by requiring aliens to meet the three procedural requirements of Lozada. Gbaya v. United States Attorney Gen., 342 F.3d 1219, 1221-23 (11th Cir. 2003).

Here, the IJ did not abuse its discretion by denying Prawira's motion to reopen his deportation proceedings. The IJ found that Prawira had failed to submit any of the evidence required under Lozada, and as the record reflects, Prawira's motion did not contain an affidavit setting forth Prawira's agreement with counsel or the representations counsel did or did not make, did not demonstrate that Prawira's counsel had been notified and given a chance to respond, and did not reflect whether or not a complaint had been filed with disciplinary authorities regarding the legality or ethical nature of his counsel's actions. Lozada, 19 I&N Dec. at 639. Accordingly, the IJ did not abuse its discretion by denying Prawira's motion to reopen because he failed to comply with the procedural requirements set forth by the BIA. Compare Dakane, 399 F.3d at 1274 (finding that, because it was not disputed that the petitioner had substantially complied with the procedural

7

requirements of <u>Lozada</u>, it was necessary to address whether the petitioner also had to prove prejudice from his counsel's deficient performance); <u>see also</u> <u>Gbaya</u>, 342 F.3d at 1222-23 (approving of the <u>Lozada</u> requirements and determining that the petitioner had neither strictly nor substantially complied with those requirements and, therefore, it was not an abuse of discretion to deny petitioner's motion to reopen).

**PETITION DENIED.**